WILLIAM WALLACE GRIFFEE, RESPONDENT. v. DELA-
WARE RIVER FERRY COMPANY, APPELLANT.

Submitted July 9, 1917—Decided November 19, 1917.

1. The kind of negligent conduct on the part of a plaintiff which
   bars his right of recovery must have such causal connection as
   to be proximately related to defendant's negligent act.

2. Respondent drove a pair of horses on board a ferry-boat of ap-
   pellant, left his horses standing for a short time, then returned
   and stood at the heads of the horses, and while so standing was
   knocked down and injured when the ferry-boat, in entering its
   slip, struck a piling which separated the slip from an adjoining
   one. *Held,* that the act of respondent in standing at the heads
   of the horses in his charge was the exercise of reasonable care,
   and not such negligence as would bar him from a recovery.

On appeal from the Camden Circuit Court.

For the appellant, *French & Richards.*

For the respondent, *Roney & Jacobs (Harvey F. Carr,* of
counsel).

The opinion of the court was delivered by

KALISCH, J.    The appellant seeks a reversal of the judg-
ment under review upon the grounds, first, that there was no
testimony tending to establish the appellant company's neg-
ligence; secondly, that the testimony established conclusively
that the plaintiff's negligence contributed to his injury.

These grounds appear to be predicated, by the record, on
the refusal of the court below to grant a nonsuit, and at the
close of the entire case to direct a verdict for the defendant
company on motions respectively made by counsel for ap-
pellant.

The basic facts upon which these motions rested are,
briefly, these:  In the middle of the afternoon of a calm day,
in December, 1916, the respondent, who was the plaintiff

below, drove a pair of horses on board of a ferry-boat of the appellant company, at the Kaighn's avenue ferry-slip, in Camden, for passage to Philadelphia, where he left his horses standing, while he entered the cabin where he sat down for a short time, and then returned and stood at the heads of the horses. The boat in entering the Philadelphia slip struck a division piling which separated the slip from an adjoining one, with such violence that the force of the impact knocked the respondent down and injured him.

These facts do not appear to be controverted. The relation of common carrier and passenger existed between the parties. The appellant's legal duty springing from this relation was to use reasonable care to carry the respondent safely upon his journey. From the established facts and circumstances of the case it was solely within the province of the jury to decide whether or not the appellant in the operation of the boat had exercised that degree of care commensurate with the conditions then existing. We think the proof was amply sufficient to warrant a jury in finding that the force with which the boat struck the piling was extraordinary and could have been avoided by the exercise of reasonable care.

But it is further urged, by counsel for appellant, that the respondent was guilty of negligence contributing to the negligence of the appellant, and, therefore, the respondent is debarred of any recovery.

To support this assertion it is argued that if the respondent had remained seated in the cabin, instead of standing at his horses' heads, he would not have met with the mishap. That may be so, but it is unimportant. Clearly, the argument put forward rests upon a palpable fallacy. It is elementary that the kind of negligent conduct on the part of a plaintiff which bars his right of recovery must be proximately related to the defendant's negligent act. The fact that the respondent left his seat in the cabin and took his place at the heads of his horses presented simply a condition which, clearly, had no causal connection with the negligent operation of the ferry-boat. *New York, &c., Railroad Co. v. Ball*, 53 *N. J. L.* 283; *Menger v. Laur*, 55 *Id.* 205.

Moreover, if any authority is needed for the proposition that it was the exercise of reasonable care for the respondent, in order to take care of the property entrusted to his charge, to stand at his horses' heads, it is to be found, in *Dudley* v. *Camden and Philadelphia Ferry Co.*, 45 *N. J. L.* 368, where, this court, speaking through Mr. Justice Magie (on *p.* 373), said: "In my judgment, his duty required him to place himself and remain in a position where he might control, or at least have the opportunity and means of exerting all possible control of his horses, if startled by any of the occurrences incident to the crossing. He should have retained the reins in hand or within reach, or should have stood at their heads."

Accordingly, that being the legal measure of care required of the respondent in charge of the horses, it is manifest that his conduct in standing at their heads cannot in any sense be properly said to have been negligent.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, JJ. 13.

*For reversal*—None.